1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

MARCI M. KERR,

7
                                        Plaintiff,

8        v.

9    CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
10

11                              Defendant.

Case No. 3:14-cv-05753-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13
14
15

        Plaintiff has brought this matter for judicial review of defendant's denial of her

16  application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c),

17  Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have

18  this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the

19  remaining record, the Court hereby finds that for the reasons set forth below, defendant's

20  decision to deny benefits should be reversed and this matter should be remanded for further

21  administrative proceedings.

22
                            FACTUAL AND PROCEDURAL HISTORY
23

24      On November 14, 2011, plaintiff filed an application for SSI benefits, alleging disability

25  beginning November 4, 2011. *See* Dkt. 10, Administrative Record ("AR") 12. The application

26  was denied upon initial administrative review on January 11, 2012 and on reconsideration on

April 9, 2012. *See* AR 85-91, 94-107. A hearing was held before an administrative law judge ("ALJ") on January 13, 2013, at which plaintiff, represented by an attorney, appeared and testified, as did a vocational expert. *See* AR 33-84.

In a decision dated February 21, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 9-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 18, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481. On September 22, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkts. 1, 3. The administrative record was filed with the Court on February 17, 2015. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in improperly evaluating the medical evidence; (2) in improperly evaluating plaintiff's testimony; (3) in improperly evaluating the lay evidence; (4) in improperly assessing plaintiff's residual functional capacity ("RFC"); and (5) in basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations and on vocational expert testimony that was inconsistent with the Dictionary of Occupational Titles. For the reasons set forth below, the Court agrees the ALJ erred in assessing the medical evidence, in assessing plaintiff's RFC, and in basing his step five hypothetical questions on an incorrect RFC, and therefore erred in determining plaintiff to be not disabled. Also for the reasons set forth below, the Court finds that while defendant's decision to deny benefits should be reversed on these bases, this matter should be remanded for further administrative proceedings.

ORDER - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

. . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

ORDER - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149. "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

A.   *Examining psychiatrist Dr. Mary Lemberg, M.D.*

Plaintiff maintains the ALJ improperly rejected the opinion of examining psychiatrist Dr. Mary Lemberg, M.D. *See* Dkt. 13, pp. 3-5. Dr. Lemberg submitted a Comprehensive Psychiatric Evaluation based on an interview with plaintiff, Dr. Lemberg's general observations of plaintiff, a mental status examination ("MSE"), and a review of a portion of the record. AR 622-27. Dr.

Lemberg opined that plaintiff

> does have the ability to perform simple and repetitive tasks, and would not have more difficulty completing detailed and complex tasks. However, she would not be able to perform tasks consistently over a longer period of time due to her poor energy and depression. She would have some difficulties adapting to new environments based on our interview today and mental status exam.
>
> She may have difficulty attending to instructions from supervisors, and would have some difficulty interacting with co-workers and the public based upon her presentation today. She may not be able to perform work activities on a consistent basis or maintain regular attendance in the workplace, due to her fatigue, depression and substance use. She was previously doing ok in school prior to the onset of her medical problems. She would have some difficulty responding to work-related stressors.

AR 627.

The ALJ gave little weight to Dr. Lemberg's opinion because

> her opinion regarding the claimant's lack of mental endurance to perform work activity on a regular basis is grossly undermined by the overall medical evidence of record. The claimant's performance on the mental status examinations, as well as her activities of daily living, showed a level of mental activity in excess of what this opinion allows. The claimant also reported on a patient health questionnaire that her depressive symptoms did not impact her ability to work, take care of things at home, or get along with people, despite experiencing the symptoms nearly every day. The doctor did not have an opportunity to review subsequent records showing improvement.

AR 24-25 (internal citations omitted).

The ALJ has failed to identify the specific evidence contained within the "the overall medical evidence of record" that conflicts with Dr. Lemberg's opinion. Specifically, the ALJ cites to plaintiff's performance on the MSE and her activities of daily living, yet fails to elaborate on what portion of the MSE or what activities of daily living contradict Dr. Lemberg's opinion. The ALJ also fails to cite to any evidence which shows that plaintiff's improvement

undermines Dr. Lemberg's opinion. The ALJ provided only conclusory statements that the MSE results, plaintiff's daily activities, and records showing plaintiff's subsequent improvement do not support Dr. Lemberg's findings, which is insufficient to reject the opinion. *See Embry v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Furthermore, the MSE and plaintiff's activities of daily living do not undermine Dr. Lemberg's findings. Plaintiff did well in the intellectual functioning/sensorium portion of the MSE. AR 625. However, during the examination, plaintiff's mood was "tired" and her affect was "depressed and fatigued." AR 625. Plaintiff's speech was slowed, she became tearful at one point, and appeared fatigued and moved slowly. AR 624. She also told Dr. Lemberg that she spends her day sleeping, grocery shops only when she has to, rarely cooks, bathes a couple times per week, and thinks her father does the dishes. *Id.* Plaintiff also scrapbooks and spends time with her father; she does not go out socially. AR 205. The MSE and plaintiff's activities of daily living do not "grossly" undermine Dr. Lemberg's opinion. *See* AR 24. Rather, the record cited by the ALJ supports Dr. Lemberg's findings that plaintiff lacks mental endurance to perform work activity on a regular basis due to her fatigue, depression, and substance abuse.

The ALJ also incorrectly relied on a patient health questionnaire wherein plaintiff reported that her depression does not make it difficult for her to do her work, take care of things at home, or get along with other people. AR 24, 663-64. Plaintiff completed a patient health questionnaire during a doctor visit. AR 663-64. She scored in the high range of "moderately

severe depression" on the questionnaire. AR 663-64. While plaintiff stated that her depression did not make it difficult for her to do her work or take care of things at home, Dr. Lemberg's findings were based on plaintiff's fatigue, depression, and substance abuse, rather than on her depression alone. Therefore, this single patient health questionnaire does not undermine Dr. Lemberg's opinion.

For the above stated reasons, the ALJ's decision to give little weight to Dr. Lemberg's opinion is not specific and legitimate and supported by substantial evidence. Accordingly, the ALJ improperly rejected the opinion of Dr. Lemberg.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Additionally, the Ninth Circuit recognized the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ properly considered Dr. Lemberg's opinion, he may have included additional limitations in the residual functional capacity ("RFC") and in the hypothetical questions posed to the vocational expert. As the ultimate disability decision may have changed, this error is not harmless.

ORDER - 8

B.      *Consultative Examiner Dr. Dan Phan, M.D.*

Plaintiff contends that the ALJ erred by failing to include all the limitations opined by examining physician Dr. Dan Phan, M.D. after assigning significant weight to Dr. Phan's opinion. *See* Dkt. 13, p.6. Dr. Phan submitted a report in January of 2013. AR 636-38. The report was based on information obtained from a clinical examination of plaintiff, as well as a review of a portion of plaintiff's medical records. *See id.* Dr. Phan found plaintiff has a blood disorder, kidney problems, thrombocytopenic purpura ("TTP"), high blood pressure, and concentration problems. AR 638. Further, he found "[t]here is non-pitting edema in [plaintiff's] hands and feet. Dorsolumbar range of joint motion is reduced due to flank pain." *Id.*

Dr. Phan opined that in a typical eight hour work day plaintiff can sit up to four hours cumulatively, stand and walk up to four hours cumulatively, and lift and carry 20 pounds occasionally and 10 pounds frequently. *Id.* Dr. Phan also opined that plaintiff's fatigue and breathing problems associated with her TTP and congestive heart failure will limit her exertional capacity. *Id.* Dr. Phan found plaintiff can work with small objects and files frequently, needs corrective lenses, and has no postural or manipulative limitations. *Id.*

The ALJ gave significant weight to the opinion of Dr. Phan, and stated, in relevant part, that Dr. Phan

> opined that the claimant can sit four hours and standing/walk four
> hours in an eight-hour workday. The doctor opined that she can
> lift/carry 20 pounds occasionally and 10 pounds frequently. He
> opined that she can work with small files and objects frequently.
> He opined that she does not have any other limitations.

AR 23 (internal citations omitted).

The ALJ discussed many of Dr. Phan's opined limitations, including limitations in sitting, standing/walking, and lifting/carrying. AR 23. However, the ALJ failed to discuss Dr.

ORDER - 9

Phan's finding that plaintiff's fatigue and breathing problems would limit her exertional capacity. *Id.*

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. While the ALJ gave significant weight to Dr. Phan's opinion, he did not discuss the exertional limitation, and the Court therefore cannot determine if the ALJ gave significant weight to this limitation and incorporated this limitation into the RFC assessment or rejected the limitation. The ALJ failed to explain why his interpretation of plaintiff's exertional limitations resulting from plaintiff's fatigue and breathing problems associated with her TTP and congestive heart failure, rather than Dr. Phan's opinion, is correct. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Therefore, the ALJ erred in his assessment of Dr. Phan's opinion.

The Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five

necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's

answers [is] improper." *See id.* at 1162. Such is the case here.

As the ALJ failed to properly considered Dr. Phan's opinion, he provided an incomplete

RFC and therefore presented an incomplete hypothetical question to the vocational expert at step

five. As the ultimate disability decision may have changed, this error is not harmless.

C.      *State agency consultant Dr. Jerry Gardner, Ph.D.*

Plaintiff also argues that the ALJ erred by giving "some weight" to the opinion of non-

examining psychologist Dr. Jerry Gardner, Ph.D. Dkt. 13, p. 8. Specifically, plaintiff contends

the ALJ erred by rejecting Dr. Gardner's opinion that plaintiff can concentrate for up to two

hours. *Id.*

Dr. Gardner opined, in relevant part, that plaintiff is moderately limited in her ability to

maintain attention and concentration for extended periods. AR 103. Dr. Gardner stated that

plaintiff can concentrate for up to two hours with occasional lapses due to her condition, and her

concentration would also be dependent on her sobriety. *Id*. The ALJ found that

> the doctor's opinion regarding the claimant only concentrating for
> up to two hours is undermined by her performance on the mental
> status examination as well as her activities of daily living of
> scrapbooking. Accordingly, the undersigned gives Dr. Gardner's
> opinion some weight.

AR 24 (internal citations omitted). To support his findings, the ALJ cited to the MSE completed

by Dr. Lemberg and plaintiff's Adult Function Report. *Id.*

The ALJ does not provide a specific explanation as to why the two referenced pieces of

evidence undermine Dr. Gardner's opinion regarding plaintiff's ability to concentrate for up to

two hours. *See* AR 24. The ALJ does not point to why, in his opinion, the MSE and plaintiff's

ability to scrapbook contradict Dr. Gardner's finding. The ALJ merely provides a conclusory

statement that the evidence undermines Dr. Gardner's opinion, which is insufficient. *See Embry*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion).

Furthermore, the evidence cited to by the ALJ does not undermine Dr. Gardner's opinion. During the MSE, plaintiff correctly followed a 3-step command with a score of 3/3 and correctly spelled the word "world" backward with a score of 5/5. AR 625. In the area of concentration/persistence/pace, it is noted that plaintiff no longer reads, never uses the computer, walks up to one block, and watches television all day. AR 626. In her Adult Function Report, plaintiff stated that she scrapbooks and spends time with her dog daily. AR 205. Plaintiff reported that she has some concentration problems with projects. *Id.*

The evidence contained in the MSE and the Adult Function Report fails to undermine Dr. Gardner's opinion regarding plaintiff's ability to concentrate for up to two hours. Rather, it appears plaintiff was able to concentrate for the period of time necessary to complete the concentration questions during the MSE and admitted to having difficulty with concentration while working on projects. The evidence does not show that plaintiff is performing tasks wherein she is able to concentrate for more than two hours at a time. *See* AR 103, 205, 625.

The evidence cited to by the ALJ does not undermine Dr. Gardner's opinion regarding plaintiff's ability to concentrate for up two hours with occasional lapses. Further, the ALJ failed to provide more than a conclusory opinion regarding why, in his opinion, the evidence undermines Dr. Gardner's opinion. Accordingly, the ALJ has failed to provide specific and legitimate reasons supported by substantial evidence for giving "some weight" to Dr. Gardner's opinion, and thus has erred.

The ALJ may have included additional limitations in the RFC and in the hypothetical

questions posed to the vocational expert if he had properly considered Dr. Gardner's opinion regarding plaintiff's concentration abilities. Thus, the error is not harmless. *See Molina*, 674 F.3d at 1115.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity and Step Five Analysis

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *Id.* It thus is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, a claimant's inability to work must result from his or her "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Plaintiff argues that because the ALJ erred in his evaluation of the medical evidence, the ALJ erred in his assessment of plaintiff's RFC. *See* Dkt. 13, p. 18. The ALJ committed harmful error in his consideration of the opinions of Drs. Lemberg, Phan, and Gardner. *See supra* Section I. As a result of the ALJ's error, the RFC provided by the ALJ is incomplete. Accordingly, on remand, the ALJ must reassess plaintiff's RFC.

ORDER - 13

Plaintiff also alleges the ALJ erred in his step five analysis because he based the hypothetical questions on an incomplete RFC. *See* Dkt. 13, pp. 18-19. Because the ALJ's RFC assessment was incomplete, the question posed to the vocational expert was also incomplete. Accordingly, on remand the ALJ must apply the new RFC when determining if there are other jobs in the national economy plaintiff can perform at step five.

III.   This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Issues still remain regarding the evidence in the record concerning plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy. Accordingly, remand for further consideration is warranted in this matter.

ORDER - 14

1

<u>CONCLUSION</u>

2      Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

3  plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED

4  and this matter is REMANDED for further administrative proceedings in accordance with the

5  findings contained herein.

6      DATED this 10th day of August, 2015.

7

8

9

10

11

12

Karen L. Strombom
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 15